The action was brought by warrant, before a justice of the peace, for the sum of $95,52, on the 5th day of October, 1857.
The note, declared on, was for one hundred and three dollars, due on 24th of August, 1856. On the 5th of October, 1857, on a settlement of matters between the defendant and the plaintiff, the former became a creditor to the latter, to the amount of $7,48, which was entered on the note in question; but in order to produce the effect of reducing the note below one hundred dollars, and to give a justice of the peace jurisdiction of the matter, the credit was dated back to October 5th, 1856, instead of October, 1857. The case was brought *Page 410 
up to the Superior Court by appeal, where the defendant pleaded to the jurisdiction, and the above facts being stated in a case agreed, the same were submitted for the judgment of the Court.
Upon consideration of the case agreed, his Honor gave judgment for the defendant, from which the plaintiff appealed.
We cannot distinguish this case, in principle, from that of Moore v.Thompson, Busb. Rep. 221. It was there held that the plaintiff could not give a justice of the peace jurisdiction by entering a fictitious credit upon a bond, without the consent of the defendant, and against his wishes. So, in the present case, the plaintiff cannot be allowed to accomplish the same purpose by giving a real credit a fictitious date, so as thereby to reduce the debt, against the will of the debtor, to an amount within the jurisdiction of a single magistrate. The false date to the credit, in the present case, is just as much an attempt to evade the law, as was the false credit itself, in Moore v. Thompson, and neither can receive the sanction of this Court.
PER CURIAM, Judgment affirmed.